IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.            No. 94-40018-01-SAC

JAY E. BAZY,

    Defendant.

MEMORANDUM AND ORDER

After serving his term of imprisonment for a drug trafficking offense, the defendant began serving his five-year term of supervised release in September of 2004. While on supervised release, the defendant committed two state drug offenses for which he was arrested, charged, convicted, and sentenced. The defendant stipulated to the violation report at the final revocation hearing, and this court sentenced the defendant to fifty-seven (57) months custody to run concurrently with the sentences imposed in the state drug case No. 06CR782 in Johnson County, Kansas. Even though the sentences run concurrently, the defendant will serve some additional time in a federal facility because the federal sentence is longer than the remaining state sentences.

The case comes before the court on the defendant Jay Bazy's

motion for consideration and relief. (Dk. 136). The defendant asks the court to reconsider the defendant's sentence and modify it so that he will have fulfilled his federal sentence upon his release from state custody. The defendant cites no legal authority for this court having jurisdiction to modify his sentence. He simply pleads for the court to do so on the basis of equity and fairness.

The Tenth Circuit has consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Section 3582(c) of Title 18 "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.' " *United States v. Blackwell*, 81 F.3d at 947 (quoting 18 U.S.C. § 3582(c)). Those three narrow avenues are:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the court is without jurisdiction to consider the defendant's request.  *Id.*

The first avenue, the special circumstances reduction based on medical condition, 18 U.S.C. § 3582(c)(1)(A)(i), (ii), "requires that a motion be brought by the Director of the Bureau of Prisons." *United States v. Smartt*, 129 F.3d at 541.  The Director has not made any such motion in this case.  The second avenue, modification expressly permitted by statute or Rule 35, 18 U.S.C. § 3582(c)(1)(B) requires a defendant to assert that the conditions for Rule 35 relief are present or to cite some statute authorizing a modification.  *United States v. Smartt*, 129 F.3d at 541.  None of the subsections to Rule 35 applies here, and no other applicable statute appears to provide for a reduction of the sentence on the grounds argued by the defendant.  The third avenue, the subsequent lowering of a guideline sentencing range, is likewise inapplicable and not argued here.  Finally, the court lacks the inherent authority to modify or resentence a defendant at any time or for any reason other than those provided by statute.  *United States v. Blackwell*, 81 F.3d at 949.

Even assuming it had jurisdiction to consider the merits of his motion, the court would not be inclined to grant the defendant's request. The court purposely sentenced the defendant to a term of imprisonment that would result in some additional period of federal incarceration after his release from state custody.  The defendant's ongoing use of drugs while on supervised release and the seriousness of his violations warranted some period of incarceration beyond the sentence given for his state offenses. The court did not impose any additional period of supervised release following the defendant's release from federal incarceration.

IT IS THEREFORE ORDERED that the defendant's motion for consideration and relief (Dk. 136) is denied for lack of jurisdiction.

Dated this 27th day of August, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge